IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

HAR-SON, INC.,                )
                              )
            Plaintiff,        )
                              )
vs.                           )    NO. CIV-16-0261-HE
                              )
JOSE LUIS ORTEGA, ET AL.,     )
                              )
            Defendants.       )

# ORDER

Plaintiff Har-son, Inc. ("Har-son") brought this action against defendant Excel Garment Manufacturing, Ltd. ("Excel") alleging breach of contract, bad faith breach, breach of express warranty, breach of implied warranties of merchantability and of fitness for a particular purpose, unjust enrichment, and conversion. Excel has asserted a counterclaim for breach of contract. The claims are based on a manufacturing agreement between the two parties, in which Excel would provide "turnkey" manufacturing services by producing "Rynoskin" insect protection garments with Har-son's trademarked "Rynoskin" fabric. Excel moved for summary judgment [Doc. #51] on all claims, and Har-son filed for partial summary judgment [Doc. #85] on its contract claim and on Excel's counterclaim. Both motions are at issue.

Har-son contends that Excel failed to order fabric needed to manufacture the garments as required by the contract and that Excel produced unacceptably high rates of defective garments. Har-son also claims that Excel wrongfully kept and threatened to sell inventory in its possession that belongs to Har-son. Excel asserts that the parties agreed after contract

execution that Har-son would order fabric, that Har-son did not supply fabric in time for Excel to meet deadlines, that Har-son frequently instructed Excel to ship goods which did not match customer orders, and that Excel's product defect rates were within the express allowance of the contract. Excel further maintains that Har-son wrongfully refused to pay amounts due under the contract and that Excel reserved the express right to keep and liquidate inventory in its possession as a result of nonpayment.

Summary judgment is warranted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A fact is 'material' if, under the governing law, it could have an effect on the outcome of the lawsuit. A dispute over a material fact is 'genuine' if a rational jury could find in favor of the nonmoving party on the evidence presented." Tabor v. Hilti, Inc., 703 F.3d 1206, 1215 (10th Cir. 2013) (citation omitted). And in determining whether this standard is met, the court views the evidence in the light most favorable to the non-moving party. Estate of Booker v. Gomez, 745 F.3d 405, 411 (10th Cir. 2014).

It is apparent from the parties' submissions on Excel's motion for summary judgment that justiciable questions exist as to the parties' obligations under the contract. Whether Har-son or Excel were responsible for ordering fabric, how many reported defects were Excel's fault, whether Excel's actions caused Har-son to lose certain retail contracts, and whether Har-son timely paid Excel's invoices are just some of the questions that cannot be resolved on the record before the court.

Har-Son's motion for partial summary judgment is essentially a repeat of its

against Excel's motion for summary judgment, and Excel's response likewise adds nothing new to the briefing on that motion. The parties have also used this round of briefing to raise their ongoing disputes about discovery and sanctions, issues that have been addressed in other filings. The court will not address those ancillary issues here other than to note that they lead to no different conclusion as to the summary judgment motions.

Excel's motion for summary judgment [Doc. #51] is **DENIED**. Har-son's motion for partial summary judgment [Doc. #85] is also **DENIED**.

**IT IS SO ORDERED**.

Dated this 23rd day of November, 2016.

JOE HEATON
CHIEF U.S. DISTRICT JUDGE